UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK GALOUSTIAN,<br>Petitioner,<br>v.<br>BRUCE SCOTT; and MARKWAYNE MULLIN,<br>Respondents. | C26-2528 TSZ<br>ORDER |

THIS MATTER comes before the Court on a petition for a writ of habeas corpus, docket no. 1, pursuant to 28 U.S.C. § 2241. Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following order.

**Background**

Petitioner left the Islamic Republic of Iran as a child, having lived there for only 40 days. *See* Ex. C to Clark Decl. (docket no. 8 at 39); Hubbard Decl. at ¶ 3 (docket no. 6). In 1984, at the age of 12, petitioner was admitted into the United States on a B-2 (tourist) visa. Hubbard Decl. at ¶ 3 (docket no. 6). He is the beneficiary of an approved I-130 petition filed by his mother, but he has never applied to adjust his status to lawful permanent resident. *See id.* at ¶ 4. In November 2025, an immigration judge ordered

petitioner removed to Iran. Ex. C to Clark Decl. (docket no. 8 at 31–47). The removal order is now pending review by the Board of Immigration Appeals ("BIA"). Hubbard Decl. at ¶ 17 (docket no. 6).

Petitioner's mother, who is now 83 years old, is a naturalized U.S. citizen, resides in southern California, and suffers from numerous health issues. Ex. D to Clark Decl. (docket no. 8-1 at 5–10). Petitioner seeks release from the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC"), where he has been housed since March 2025, asserting *inter alia* that he is the primary caregiver for his mother. *See* Pet. at 6 (docket no. 1). Petitioner, who is 54 years old, also contends that his continued detention threatens his health and safety. According to petitioner, he has only one functioning kidney, and he requires a specialized diet and certain medications, which NWIPC personnel have not provided to him, and as a result of an error in ICE's records, which characterized him as a child molester, he has suffered physical assaults and spent extended periods in protective custody and isolation. *Id.* at 5–7.

Petitioner raised his health and safety concerns in a previous habeas petition. *See Galoustian v. Scott*, No. C26-1847, 2026 WL 1784828, at *3 (W.D. Wash. June 22, 2026). In that matter, the court concluded that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c),[1] but that the length of petitioner's detention

---

[1] Section 1226(c) requires that admitted aliens who are deportable because they have been convicted of an aggravated felony be taken in custody. *See Galoustian*, 2026 WL 1784828, at *2. In December 2019, petitioner was convicted via guilty plea in Santa Barbara County Superior Court on 8 of 35 charges, namely 3 counts of oral copulation of an unconscious person, sexual penetration by foreign object, sodomy of an intoxicated person, oral copulation with a person prevented from resisting due to intoxication or use of a controlled substance, and 2 counts of criminal threats. *See* Hubbard Decl. at ¶ 5 (docket no. 6); *see also* Ex. C to Clark

(then approximately 15 months) had become unconstitutionally unreasonable in the absence of a bond hearing. _Id._ at *3–4. The court directed that petitioner be provided a bond hearing at which the Department of Homeland Security ("DHS") would bear the burden of justifying petitioner's continued detention by clear and convincing evidence. _See id._ at *4. At the required bond hearing, which was conducted on July 1, 2026, the immigration judge denied the request for a change in custody status, ruling that DHS had established by clear and convincing evidence that petitioner is a danger to the community and that no amount of bond or condition of parole would adequately mitigate the danger. _See_ Ex. B to Clark Decl. (docket no. 7-2). Petitioner has not appealed the bond denial to the BIA. Hubbard Decl. at ¶ 21 (docket no. 6).

**Discussion**

The Court declines to exercise its discretion to waive administrative exhaustion in this matter. Administrative exhaustion is prudential, not jurisdictional. _See W.T.M. v. Bondi_, No. 25-cv-2428, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing _Hernandez v. Sessions_, 872 F.3d 976, 988 (9th Cir. 2017)). The three factors set forth in _Puga v. Chertoff_, 488 F.3d 812 (9th Cir. 2007), weigh in favor of requiring prudential exhaustion in this case, _see id._ at 815, and the Court is not persuaded that petitioner has made the requisite showing for waiver of BIA review. _See Hernandez_, 872 F.3d at 988 (quoting _Laing v. Ashcroft_, 370 F.3d 994, 1000–01 (9th Cir. 2004)).

---

Decl. (docket no. 8 at 8–30). In November 2020, petitioner was sentenced to 18 years of incarceration. Ex. C to Clark Decl. (docket no. 8 at 8–10). Petitioner received roughly 5 years and 10 months of credit for time served prior to sentencing, _id._ (docket no. 8 at 9), and he was released on parole in March 2025, after completing another 4 years and 4 months of his term, _see_ Hubbard Decl. at ¶ 6 (docket no. 6), for a total of 10 years and 2 months of imprisonment.

Moreover, even if the Court were to consider the merits of petitioner's challenge to the immigration judge's denial of bond, the Court would not grant habeas relief. The determination of whether a noncitizen is "dangerous" for immigration-detention purposes involves a mixed question of law and fact that is reviewable in habeas proceedings. _See_ _Martinez v. Clark_, 124 F.4th 775, 779 (9th Cir. 2024) (citing _Wilkinson v. Garland_, 601 U.S. 209 (2024)). The applicable standard is whether the immigration judge's denial of bond constitutes an abuse of discretion. _Id._ at 779–80. Having listened to the audio recording of the hearing conducted on July 1, 2026, _see_ Ex. A to Clark Decl., the Court cannot conclude that the immigration judge abused his discretion. The immigration judge was already familiar with petitioner's situation, having previously presided over removal proceedings and issued a 14-page decision. _See_ Ex. C to Clark Decl. (docket no. 8 at 34–47). Indeed, he had already explained why neither petitioner's mother's plight nor petitioner's health was a ground for relief. _See_ _id._ (docket no. 8 at 37–41). Petitioner accuses the immigration judge of improperly substituting his opinion for the statutory classifications of petitioner's crimes, but regardless of whether the offenses qualify as "violent" under California law, the seriousness of the criminal conduct, the recency of petitioner's incarceration for the convictions, the nature of petitioner's denials of guilt during the bond hearing, and the "totality of the evidence" support the immigration judge's conclusion that DHS had met its burden of showing, by clear and convincing evidence, that petitioner poses a danger to the community. _See_ _Martinez_, 124 F.4th at 785–86.

/ / /

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The petition for a writ of habeas corpus, docket no. 1, is DENIED.

(2) The Clerk is directed to enter judgment consistent with this Order, to send a copy of the Judgment and this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 14th day of September, 2026.

Thomas S. Zilly
United States District Judge