UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK GALOUSTIAN,<br>Petitioner,<br>v.<br>BRUCE SCOTT; and MARKWAYNE MULLIN,<br>Respondents. | C26-2528 TSZ<br>ORDER |

THIS MATTER comes before the Court on petitioner's motion to alter or amend judgment, docket no. 13. Having reviewed the motion, to which no response was filed, and the reply in support of the motion, the Court enters the following order.

**Discussion**

Petitioner Patrick Galoustian is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) after having been convicted in California of three counts of oral copulation of an unconscious person, sexual penetration by a foreign object, sodomy of an intoxicated person, oral copulation with a person prevented from resisting due to intoxication or use of a controlled substance, and two counts of criminal threats. *See* Order at 2–3 & n.1 (docket no. 11). An immigration judge's order to remove him to the

Islamic Republic of Iran is awaiting review by the Board of Immigration Appeals ("BIA"). Id. at 2–3. In a previous habeas proceeding, another judge in this District concluded that the length of petitioner's detention (then approximately 15 months) had become unconstitutionally unreasonable in the absence of a bond hearing. See Galoustian v. Scott, No. C26-1847, 2026 WL 1784828, at *3–4 (W.D. Wash. June 22, 2026). A bond hearing was conducted in July 2026, and an audio recording of the proceeding was provided to the Court. See Ex. A to Clark Decl. (docket no. 9). Petitioner did not appeal to the BIA, but instead challenged the immigration judge's denial of release on bond via a petition for a writ of habeas corpus, and the Court declined to exercise its discretion to waive administrative exhaustion. See Order at 3 (docket no. 11).

Petitioner now contends that the Court should reconsider its earlier ruling and excuse prudential exhaustion because the Court has misapprehended the constitutional claim presented in the habeas petition. See Mot. at 2–4 (docket no. 13). Petitioner further asserts that the immigration judge "failed to provide the individualized findings and reasoned explanation required by" Ninth Circuit jurisprudence and the order granting petitioner's initial request for habeas relief and requiring a bond hearing. See id. at 4. Petitioner's arguments lack merit. Although the immigration judge issued the typical check-box order containing no analysis, see Ex. B to Clark Decl. (docket no. 7-2), his oral ruling is memorialized in an audio recording of the bond hearing, Ex. A to Clark Decl. (docket no. 9), during which he made clear that he remembered petitioner and the details of his situation from the earlier removal proceedings, as to which he had authored

a 14-page written decision, *see* Ex. C to Clark Decl. (docket no. 8 at 34–47). The audio recording evidences the immigration judge's consideration of the relevant factors and his basis for concluding the United States Department of Homeland Security had established by clear and convincing evidence that petitioner poses a danger to the community. *See* Order at 4 (docket no. 11). The Court is satisfied that, before seeking judicial relief, petitioner must first present to the BIA any challenge to the immigration judge's decision to deny release on bond.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion to alter or amend judgment, docket no. 13, is DENIED.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 6th day of November, 2026.

Thomas S. Zilly
United States District Judge